REDMANN, Judge.
The most serious question on this appeal is whether or not there was an accident between two of defendant’s public buses, as plaintiff minor claims occurred and injured him while he was a passenger.
Had the trial judge dismissed plaintiffs suit we could readily have affirmed. Plaintiff’s testimony at deposition and at trial is self-contradictory in many respects (more even than defendant’s brief recites). Although we cannot see any evidence of it in the cold transcript, one must suppose that the trial judge by intuition believed plaintiff on the essential question of his probative accuracy, explaining away his inconsistencies by the incompetency or perhaps leadability of a child of 13 to 16 years. (Plaintiff gave his age at the accident as 13 in deposition, 14 in his medical history, and 15 in testimony — and a motion for continuance gave it as 12!) It can at least be said that plaintiff was consistent in averring that the accident was between two of defendant’s buses, notwithstanding his medical history’s recital he was injured in a “school bus,” which could have been the doctor’s mistranslation of the boy’s saying he was going home from school on the bus. We conclude that under Supreme Court rulings such as Canter v. Koehring Co., La. 1973, 283 So.2d 716, we are unable to supplant the trial judge as the evaluater of credibility — and we add that there is also some improbability to the contradictory supposition that a 15-year-old boy would concoct and pursue into court a false story of a bus accident (probably just to explain why he got home so late from school).
Both $454 medical expenses and $1,800 general damages were high for a trifling accident which gave the boy so little pain that he did not go to the doctor for a week and even then the doctor gave him no medicine other than Tylenol (acetaminophen), comparable in analgesic power to aspirin and purchasable without doctor’s prescription. But we find the medical expenses proven (notwithstanding failure to show that the physical therapist was state-licensed) and the general damages not beyond the “much discretion” of C.C. 1934(3).
Affirmed.